GREGORY, Circuit Judge,
dissenting:
There is no way to circumvent the fact that Heath, by all accounts, is a perpetual criminal. He has wasted away his life in prison for the numerous illegal acts that he committed each time he was set free. Yet this case requires us to focus on whether Heath’s current sentence is reasonable in light of the Supreme Court’s decision in Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). I believe it is not.
I have already expounded upon my views of Gall in United States v. Evans, 526 F.3d 155, 167 (4th Cir.2008) (Gregory, J., concurring). But the facts of this case compel me to reiterate my position that substantive reasonableness must encompass more than the rote recitation of § 3553(a) factors that the Court has condoned in numerous post-Gall cases,* and which it continues to condone today.
At Heath’s sentencing hearing, the district court had only the following to say in justifying Heath’s sentence: First, Heath’s recidivism after serving the sentences for his previous crimes “shows that he should be punished at a level that’s consistent with the crimes in this case and that reflects the seriousness of the offense.” (J.A. 64.) The judge found that the guideline range would not fulfill that purpose and would not deter or protect the public from future crimes. Moreover, imprisonment would presumably provide Heath with educational and vocational training. These justifications correspond to § 3553(a)(2)(A)-(D).
Next, the court concluded that “[t]he nature of the circumstance, being a violent predatory crime, again warrants an upward departure.” (J.A. 65.) This roughly corresponds to § 3553(a)(1). The court continued, “[t]he sentencing range established by the guideline is deficient in terms of his criminal history and the severity of it. I think that the role of the victims in paragraph seven and the impact of the sentence on the victims warrants a more serious sentence.” (Id.) This arguably corresponds with § 3553(a)(4) and (7).
Finally, the district court determined that the guideline range would “fail to satisfy the need for a sentence that is reflective of the purposes of sentencing under section 3553(a) and the seven factors, and that the statutory provision would be appropriate.” (J.A. 65.) This is basically a recitation of the first sentence of § 3553(a) and arguably an application of § 3553(a)(3).
From these statements, the majority has determined that the district court’s justification for Heath’s sentence is sufficient to satisfy Gall. For the sake of argument, I will assume for a moment that the district court satisfied the procedural prong of Gall. But can the very same statements from which the district court narrowly divined procedural reasonableness, without more, also be used to bless the sentence substantively? If so, then there is no such thing as substantive reasonableness; there *269 is only procedural reasonableness, or vice versa. Or, perhaps, there is simply “reasonableness,” and the Supreme Court carelessly made a distinction without a difference when it said, “the appellate court should ... consider the substantive reasonableness of the sentence imposed,” Gall, 128 S.Ct. at 597, and we lower federal courts are not obliged to take them at their word. Absurd as this result may seem, it is the only conclusion that may logically follow from the approach this Court has taken, and continues to take, post-Gall.
The majority concludes, “Heath’s tendency towards recidivism, as evidenced by his behavior in and out of prison over the past twenty years, provides sufficient justification for the district court’s sentence.” See supra at 268. But if the majority is basing its substantive reasonableness determination on Heath’s recidivism, the antecedent question is what makes Heath’s recidivism so unusual as to justify an upward departure of 92% to the statutory maximum? Neither the majority nor the district court addressed this question. Providing a laundry list of Heath’s crimes is not a assessment of “reasonableness” — a relative, not absolute, term. While we may review the district court’s conclusion only for an abuse of discretion, those words cannot be a legal incantation that prevents meaningful substantive review of the district court’s sentence.
One might argue that the number and seriousness of Heath’s crimes relative to those of other criminals justifies a severe upward departure. Yet, the calculation of Heath’s guideline sentence under § 4A1 of the Guidelines Manual already encapsulates his criminal history, including the seriousness of the offenses he committed. Why was that calculation insufficient? Again, this question goes unanswered. The Supreme Court has instructed us that, “[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.” Gall, 128 S.Ct. at 596. The district court “must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.” Id. at 597. Moreover, it is “uncontroversial that a major departure should be supported by a more significant justification than á minor one.” Id.; see also United States v. Moreland, 437 F.3d 424, 434 (4th Cir.2006) (“The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be.”). In this case, however, no “significant justification” was provided for Heath’s 92% upward departure to the statutory maximum- — undeniably “major” — aside from a recitation of the § 3553(a) factors. But since the Supreme Court itself differentiated between a consideration of the § 3553(a) factors and a significant justification, the former clearly cannot act as a substitute for the latter— we need more.
The district court failed to articulate a sufficient justification for imposing the statutory maximum upon Heath, and my independent review of the record finds it similarly devoid of any such justification. Therefore, I believe Heath’s sentence to be both procedurally and substantively unreasonable, respectively. In Moreland, after examining the record before it to determine whether a downward departure was substantively reasonable, this Court stated: “If Moreland’s circumstances are so compelling as to warrant a two-thirds reduction from the bottom of the advisory guideline range, it is difficult to imagine any meaningful limit on the discretion of the district court.” Moreland, 437 F.3d at 437. The rigor with which we assessed reasonableness in finding a floor for downward departures must necessarily be ap *270 plied in finding a ceiling for upward departures. Therefore, given the record in this case, I must conclude that if Heath’s circumstances are so compelling as to warrant a 92% upward departure to the statutory maximum, it is difficult to imagine any meaningful limit on the discretion of the district court.
Admittedly, the Supreme Court has not provided us with further guidance on these undoubtedly important sentencing issues. But a close reading of Gall reveals careful distinctions that logic and justice cannot ignore — yet, the majority does so today. With all due respect to my colleagues, I cannot join their opinion. Therefore, I dissent.

 See, e.g., United States v. Black, 525 F.3d 359 (4th Cir.2008); United States v. Pauley, 511 F.3d 468 (4th Cir.2007).